**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **CATHOLIC DIOCESE OF AUSTIN** | § § § | |
| **Plaintiff,** | § § | |
| **V.** | § § | Civil Action No. 4:13-CV-216 |
| **O'MEARA, FERGUSON, WHELAN, AND CONWAY MISSION ADVANCEMENT SERVICES, LLC; JOHN WHELAN, FRANK FERGUSON AND PATRICK O'MEARA** | § § § § § § § § § | |
| **Defendants.** | § § | |

## ORIGINAL COMPLAINT

**TO THE HONORABLE COURT:**

Catholic Diocese of Austin, a Texas Non Profit Corporation,  ("Diocese of Austin"**),** files this Original Complaint against O'Meara, Ferguson, Whelan, and Conway Mission Advancement Services, LLC, John Whelan, Frank Ferguson, and Patrick O'Meara (collectively, the "Defendants"), and respectfully shows the Court as follows:

## I.     PARTIES

1. Plaintiff is a nonprofit corporation formed under the laws of Texas whose principal place of business is in Austin, Texas.   The Catholic Diocese of Austin is authorized to do business in the State of Texas.

2. Defendant O'Meara, Ferguson, Whelan, and Conway Mission Advancement Services (hereinafter "O'Meara|Ferguson"), is a Delaware Nonresident Limited Liability Company. This lawsuit arises out of a business conducted in this state and to which said Defendant is a party. Therefore, under Section 17.044 of the Texas Civil Practice and Remedies Code, substituted service

on Defendant O'Meara/Ferguson should be made by serving the Secretary of State of Texas, Statutory Documents Section, Citations Unit, P.O. Box 12079, Austin, Texas 78711-2079 by certified return receipt mail, and then forwarded to O'Meara|Ferguson's Registered Agent, Corporation Service Company, 2711 Centerville Rd., Ste 400, Wilmington, DE, 19808, or wherever else it may be found.  Service of said Defendant as described above can be effected by certified return receipt mail or as otherwise authorized by the Federal Rules of Civil Procedure.

3.      Defendant John Whelan (hereinafter "Whelan") an Individual who is a nonresident of Texas, engages or has engaged in business in this state, but does not maintain a regular place of business or a designated agent for service of process. This lawsuit arises out of a business conducted in this state and to which said Defendant is a party. Therefore, pursuant to Federal Rule of Civil Procedure 4 and Section 17.044 of the Texas Civil Practice and Remedies Code, substituted service on Defendant Whelan should be made by serving the Secretary of State of Texas, Statutory Documents Section, Citations Unit, P.O. Box 12079, Austin, Texas 78711-2079 by certified return receipt mail, and then forwarded to Mr. Whelan's home at 625 Ivanhoe Ln, Holmes Beach, Florida, 34217.   Service of said Defendant as described above can be effected by certified return receipt mail or as otherwise authorized by the Federal Rules of Civil Procedure.

4.      Defendant Frank Ferguson (hereinafter "Ferguson"), an Individual who is a nonresident of Texas, engages or has engaged in business in this state, but does not maintain a regular place of business or a designated agent for service of process. This lawsuit arises out of the business conducted in this state and to which said Defendant is a party.  Therefore, pursuant to Federal Rule of Civil Procedure 4 and Section 17.044 of the Texas Civil Practice and Remedies Code, substituted service on Defendant Ferguson should be made by serving the Secretary of State of Texas, Statutory Documents Section, Citations Unit, P.O. Box 12079, Austin, Texas 78711-2079, by certified return receipt mail, and then forwarded to Mr. Ferguson's home or home office at 21021 Starflower Way, Ashburn, VA, 20147.   Service of said Defendant as described above can be effected by certified return receipt mail or as otherwise authorized by the Federal Rules of Civil Procedure.

5.      Defendant Patrick O'Meara (hereinafter "O'Meara"), an Individual who is a

nonresident of Texas, engages or has engaged in business in this state, but does not maintain a regular place of business or a designated agent for service of process.   This lawsuit arises out of the business conducted in this state and to which said Defendant is a party.   Therefore, pursuant to Federal Rule of Civil Procedure 4 and Section 17.044 of the Texas Civil Practice and Remedies Code, substituted service on Defendant O'Meara should be made by serving the Secretary of State of Texas, Statutory Documents Section, Citations Unit, P.O. Box 12079, Austin, Texas 78711-2079 by certified return receipt mail, and then forwarded to Mr. O'Meara's home at home or home office at 4488 White Pine, Ct, Ann Arbor, MI, 48105.   Service of said Defendant as described above can be effected by certified return receipt mail or as otherwise authorized by the Federal Rules of Civil Procedure.

## II.    JURISDICTION AND VENUE

6.    This Court has jurisdiction over this lawsuit pursuant to 28 USC §1332 because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.   Further, in the guarantee agreements applicable to this case, Defendants Whelan, Ferguson, and O'Meara have contractually agreed to the jurisdiction of this Court.   Also, the promissory note agreements applicable to the Plaintiff and O'Meara|Ferguson specifically state that O'Meara|Ferguson has conducted business in the State of Texas and has entered the physical boundaries of the State of Texas for purposes of conducting business and that Texas law governs the interpretation, validity, performance, and enforcement of the promissory notes in question.   Finally, Plaintiff would show that Defendants O'Meara|Ferguson,Whelan, Ferguson, and O'Meara engaged in activities constituting business in the state of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that they contracted with a Texas resident and performance of the agreement in whole or in part thereof, was to occur in Texas.

7.    This Court has venue of this case pursuant to 28 USC §1391 (a) because this is the judicial district in which a substantial part of the errors or omissions giving rise to the claims occurred.   Also, this Court has venue of this case because the guarantees at issue in this case contain forum selection clauses fixing venue for this case in the United States District Court of the Southern District of Texas.

### III.    FACTUAL BACKGROUND

8.    O'Meara|Ferguson executed and delivered to Diocese of Austin a promissory note dated October 20, 2008   (the "First Promissory Note").  This note was in the principal amount of one million dollars and no/100 ($1,000,000.00).  A true and correct copy of the First Promissory Note is attached as Exhibit "A."  Pursuant to the First Promissory Note, Diocese of Austin fully performed by funding and tendering to O'Meara|Ferguson the principal amount of one million dollars ($1,000,000.00). Under the terms of the First Promissory Note, accrued interest was due and payable quarterly on January 19, April 19, July 19 and October 19.  Also, the balance of this note, principal with all unpaid accrued interest, was due and payable on October 19, 2011.

9.    O'Meara|Ferguson executed and delivered to Diocese of Austin a second promissory note dated April 3, 2009 (the "Second Promissory Note").  This note was in the principal amount of one million dollars and no/100 ($1,000,000.00).   A true and correct copy of the Second Promissory Note is attached as Exhibit "B."   Pursuant to the Second Promissory Note, Diocese of Austin fully performed by funding and tendering to O'Meara|Ferguson the principal amount of one million dollars ($1,000,000.00). Under the terms of the Second Promissory Note, accrued interest was due and payable quarterly on November 5, February 5, May 5, and August 5.  Also, the balance of this note, principal with all unpaid accrued interest, was due and payable on May 5, 2012.

10.    As an inducement and consideration for loaning O'Meara|Ferguson the principal amount contained in the Second Promissory Note, Whelan, Ferguson, and O'Meara represented that they would individually enter into agreements guaranteeing the First and Second Promissory Notes. In reliance on this promise, the Diocese of Austin entered into the Second Promissory Note with O'Meara|Ferguson and funded and tendered the principal amount of one million dollars ($1,000,000.00)detailed in the Second Promissory Note. The First Promissory Note was unconditionally guaranteed by Whelan, Ferguson, and O'Meara through a guarantee agreement dated April 29, 2009 (the "First Guaranty Agreement").   Whelan, Ferguson, and O'Meara are jointly and

severally liable for the full performance of all provisions of the First Guaranty Agreement.   The First Guaranty Agreement is attached as Exhibit "C."   A second guaranty agreement signed by Whelan, Ferguson, and O'Meara is also dated April 29, 2009 ( the "Second Guaranty Agreement"), and was also executed by Whelan, Ferguson, and O'Meara.   The intent of the Second Guaranty Agreement was to unconditionally guarantee the Second Promissory note.   The Second Guaranty agreement correctly indicates that it guarantees the "Second Promissory Note" in the title of the document, but through an administrative oversight is then states it is given in connection with a promissory note dated October 20, 2008, which is the date of the First Promissory Note.   Whelan, Ferguson, and O'Meara are jointly and severally liable for the full performance of all provisions of the Second Guaranty Agreement.   A Copy of the Second Promissory Note is attached as Exhibit "D."

11.      Under the terms of the First Promissory Note, O'Meara|Ferguson is in default for failing to make payments when due.   On June 1, 2011, Plaintiff placed O'Meara|Ferguson on notice of default of the First Promissory Note and demanded payment from O'Meara|Ferguson of all outstanding amounts owed.   Whelan, Ferguson, and O'Meara received a copy of this demand letter. O'Meara|Ferguson, Whelan, Ferguson, and O'Meara failed to timely cure the default. Subsequently, O'Meara|Ferguson failed to timely pay other interest due on the First Promissory Note and then failed to pay the principal and interest due on the maturity date of the note.   On October 31, 2011, Plaintiff sent O'Meara|Ferguson a 2nd notice of default to cure all amounts due under the First Promissory Note.   Whelan, Ferguson, and O'Meara received a copy of this second notice of default. On November 28, 2011, Plaintiff again placed O'Meara|Ferguson on notice that the full amounts owed under the terms of the First Promissory Note were due and immediately payable.   Whelan, Ferguson, and O'Meara received a copy of this demand letter. Despite demand, O'Meara|Ferguson, Whelan, Ferguson, and O'Meara have refused to make payment of all amounts owed pursuant to the First Promissory Note or the First Guaranty Agreement.   On September 18, 2012, O'Meara|Ferguson, by and through its attorney, was again placed on notice that all amounts due on the Second Promissory Note were immediately due.   On December 19, 2012, Omeara|Ferguson, by and through its attorney, and Whelan, Ferguson, and O'Meara were again placed on notice that unless

all amounts due on the First Promissory Note were immediately paid that litigation would commence.

12.     Under the terms of the Second Promissory Note, O'Meara|Ferguson is in default for failing to make payments when due.   On June 1, 2011, Plaintiff placed O'Meara|Ferguson on notice of default of the Second Promissory Note and demanded payment from O'Meara|Ferguson of all outstanding amounts owed under the terms of the Second Promissory Note.   Whelan, Ferguson, and O'Meara received a copy of this demand letter.   On November 28, 2011, Plaintiff again placed O'Meara|Ferguson on notice that all amounts owed under the terms of the Second Promissory Note were due and immediately payable. Whelan, Ferguson, and O'Meara received a copy of this demand letter.   O'Meara|Ferguson and Whelan, Ferguson, and O'Meara failed to cure the default. Subsequently, O'Meara|Ferguson failed to timely pay the other interest due on the Second Promissory Note and then failed to pay the principal and interest due the maturity date of the note, on May 5, 2012.   On September 18, 2012, O'Meara|Ferguson, by and through its attorney, was placed on notice that all amounts due on the Second Promissory Note were immediately due.   On December 19, 2012, Omeara|Ferguson, by and through its attorney, and Whelan, Ferguson, and O'Meara were again placed on notice of default and that unless all amounts due on the Second Promissory Note were immediately paid that litigation would commence.

13.     As of January 25, 2013, not less than $593,644 is due and payable under the terms of the First Promissory Note.  This amount includes $523,496 in principal and $70,148.00 in interest.  Interest continues to accrue from this date at the rate of $261.75 per day.

14.     As of January 25, 2013, not less than $1,132,222 is due and payable under the terms of the Second Promissory Note. This amount includes $1,000,000 in principal and $132,222 in interest. [1]   Interest continues to accrue from this date at the rate of $500.00 per day.

---

[1] The interest rate calculations contained in this Complaint are based on the standard and default interest rates contained in the First Promissory Note and Second Promissory Note. To the extent that an amount in excess of the maximum rate allowed by Texas law has been demanded or pled, such interest amount is modified to the maximum allowed by law.

### IV.    Causes of Action

<u>Count 1:</u>    **Breach of Contract (Breach of the First Promissory Note).**

15.    Plaintiff incorporates by reference the factual allegations of the preceding paragraphs as if fully stated herein.

16.    Plaintiff notified O'Meara|Ferguson that it was in default of its obligations under the First Promissory Note.

17.    O'Meara failed and refused, and continues to refuse to pay Plaintiff the amounts due and owing under the First Promissory Note.   O'Meara|Ferguson's failure to pay the amounts due and owing constitutes a breach of contract.

18.    Plaintiff has performed all conditions precedent to enforcement of the First Promissory Note or they have been waived.

19.    As a result of these breaches by O'Meara|Ferguson, Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

<u>Count 2:</u>    **Breach of Contract (Breach of the Second Promissory Note).**

20**.**    Plaintiff incorporates by reference the factual allegations of the proceeding paragraphs as if fully stated herein.

21.    Plaintiff notified O'Meara|Ferguson that it was in default of its obligations under the First Promissory Note.

22.    O'Meara failed and refused, and continues to refuse to pay Plaintiff the amounts due and owing under the Second Promissory Note.   O'Meara|Ferguson's failure to pay the amounts due and owing constitutes a breach of contract.

23.    Plaintiff has performed all conditions precedent to enforcement of the Second Promissory Note or they have been waived.

24.    As a result of these breaches by O'Meara|Ferguson, Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

<u>Count 3:</u>    **Breach of Contract (Breach of the First Guaranty Agreement).**

25.    Plaintiff incorporates by reference the factual allegations of the preceding paragraphs

as if fully stated herein.

26.     Plaintiff has notified Whelan, Ferguson, and O'Meara that O'Meara|Ferguson was in default of its obligations under the First Promissory Note.

27.     Whelan, Ferguson, and O'Meara have failed and refuse, and continue to refuse to pay Plaintiff the amounts due and owing under the First Guaranty Agreement.   Whelan, Ferguson, and O'Meara's failure to pay the amounts due and owing constitutes a breach of contract.

28.     Plaintiff has performed all conditions precedent to enforcement of the First Guaranty Agreement or they have been waived.

29.     As a result of these breaches by Whelan, Ferguson, and O'Meara, Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

**Count 4:        Breach of Contract (Breach of the Second Guaranty Agreement).**

30.     Plaintiff incorporates by reference the factual allegations of the preceding paragraphs as if fully stated herein.

31.     Plaintiff has notified Whelan, Ferguson, and O'Meara that O'Meara|Ferguson was in default of its obligations under the Second Promissory Note.

32.     Whelan, Ferguson, and O'Meara have failed and refuse, and continue to refuse to pay Plaintiff the amounts due and owing under the Second Guaranty Agreement. Whelan, Ferguson, and O'Meara's failure to pay the amounts due and owing constitutes a breach of contract.

33.     Plaintiff has performed all conditions precedent to enforcement of the Second Guaranty Agreement or they have been waived.

34.     As a result of these breaches by Whelan, Ferguson, and O'Meara, Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

**V.     ATTORNEY'S FEES, INTEREST AND COSTS**

35.     Defendants' default has made it necessary for Plaintiff to employ the undersigned attorney to file suit.   Pursuant to the First Promissory Note, Second Promissory Note, First Guaranty Agreement, and Second Guaranty Agreement ( as well as Texas Civil Practice and Remedies Code §38.001(8)), Plaintiff is entitled to recover its reasonable attorney fees in prosecuting these claims

against Defendants.   Plaintiff is also entitled to recover interest, and costs of suit.

## VI.    PRAYER

Wherefore, Plaintiff Catholic Diocese of Austin, prays that:

a.    Defendants be cited to appear and answer;

b.    Plaintiff be granted judgment for the sums requested herein, including all amounts due and owing under the First Promissory Note, Second Promissory Note, First Guarantee Agreement, and Second Guarantee Agreement;

c.    Plaintiff be granted judgment for prejudgment and post judgment interest as allowed by law;

d.    Plaintiff be granted judgment for   reasonable and necessary attorney's fees; with additional contingent amounts in the event of appellate proceedings;

e.    Plaintiff be granted judgment for all costs of court; and,

f.    Plaintiff be granted all further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

LEVATINO|PACE, LLP

By:  _____
Steven C. Levatino
Texas Bar No. 12245250
Federal Southern District Bar No. 23664
1101 S. Capital of Texas Hwy.
Building K, Suite 125
Austin, Tx   78746
Tel. (512) 637-1581
Fax. (512) 637-1583
**Attorney for Plaintiff**
**Catholic Diocese of Austin**